UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

KAREN G. VIDEA,
and other similarly situated individuals,

    Plaintiff,

v.

1350 S DIXIE LLC
d/b/a THESIS HOTEL,

    Defendant,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff KAREN G. VIDEA, by and through the undersigned counsel, and hereby sues Defendant 1350 S DIXIE LLC, d/b/a THESIS HOTEL, and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff KAREN G. VIDEA is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant 1350 S DIXIE LLC, d/b/a THESIS HOTEL is a Foreign Limited Liability Company, authorized to do business in Florida. Defendant performs business in Miami, Florida, within the jurisdiction of this Court. At all times, Defendant was and is engaged

   in interstate commerce. Defendant 1350 S DIXIE LLC, d/b/a THESIS HOTEL hereinafter will be called THESIS HOTEL, or Defendant.

4. Defendant THESIS HOTEL is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6. Plaintiff brings this cause of action as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after October 2020, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant THESIS HOTEL is a Florida business that provides hospitality services. THESIS HOTEL is located at 1350 S Dixie Hwy, Coral Gables, FL 33146, where Plaintiff worked.

8. Defendant THESIS HOTEL employed Plaintiff KAREN G. VIDEA from approximately October 01, 2020, to July 31, 2021, or 43 weeks.

9. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff had duties as a housekeeper and lead housekeeper. Plaintiff's primary duty was manual and repetitive cleaning work and represented more than 90% of her total working hours.

10. Plaintiff was paid at the wage rate of $15.00 an hour, and her overtime rate should be $22.50 an hour.

11. During her time of employment with Defendant, Plaintiff, and other similarly situated individuals maintained an irregular schedule, and she worked 5 days per week. Usually, Plaintiff worked Mondays and Tuesdays from 2:00 PM to 10:30 PM (8.5 hours each day), on Fridays, Saturdays, and Sundays, Plaintiff worked from 10:00 AM to 6:30 PM (8.5 hours each day). Thus, Plaintiff worked a total of 40 hours weekly (Plaintiff has already deducted 2.5 hours of lunchtime taken during five days).

12. Plaintiff also worked on-the-clock overtime hours that were paid correctly.

13. Nevertheless, Plaintiff was not compensated for a minimum of 3.5 off-the-clock hours weekly, that she worked at home. Every day, including her days off, manager David Reid called Plaintiff and required her information and help solve many work-related issues, for at least 30 minutes. These 3.5 off-the-clock hours constitute 3.5 unpaid overtime hours that were not paid at any rate, not even at the minimum wage rate every week.

14. Plaintiff signed in and out a timesheet, and Defendant was able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

16. Plaintiff was paid bi-weekly with paystubs that did not reflect the actual number of hours worked.

17. Plaintiff was not in agreement with the unpaid off-the-clock overtime hours that manager David Reid required from her, and she protested and complained to the manager several times.

18. On or about July 31, 2021, manager David Reid fired Plaintiff using pretextual reasons.

19. Plaintiff alleges that she was fired due to discriminatory reasons, and she is in the process of filing her Charge of Discrimination with the U.S Equal Employment Opportunity Commission (EEOC).

20. Plaintiff is not in possession of time and payment records, but she will offer a good faith estimate of unpaid off-the-clock overtime hours based on her recollections. After discovery, Plaintiff will adjust her statement of claim accordingly.

21. Plaintiff seeks to recover overtime hours, liquidated damages, as well as any other relief as allowable by law.

22. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorney's fees and costs.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANT**

23. Plaintiff KAREN G. VIDEA re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by the Plaintiff KAREN G. VIDEA as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendant THESIS HOTEL was and is engaged in interstate commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides lodging services to the public and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated worked as housekeepers, and through their daily activities, Plaintiffs not only regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business, but Plaintiff's activities were directed to the maintenance

of the facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

27. Defendant THESIS HOTEL employed Plaintiff KAREN G. VIDEA from approximately October 01, 2020, to July 31, 2021, or 43 weeks.

28. Plaintiff was hired as a non-exempted, full-time, hourly employee.  Plaintiff had duties as a housekeeper and lead housekeeper. Plaintiff's primary duty was manual and repetitive cleaning work and represented more than 90% of her total working hours.

29. Plaintiff was paid at the wage rate of $15.00 an hour, and her overtime rate should be $22.50 an hour.

30. During her time of employment with Defendant, Plaintiff, and other similarly situated individuals maintained an irregular schedule, and she worked 5 days per week a total of 40 hours. (Plaintiff has already deducted 2.5 hours of lunchtime taken during five days).

31. Plaintiff also worked on-the-clock overtime hours that were paid correctly.

32. Nevertheless, Plaintiff was not compensated for a minimum of 3.5 off-the-clock hours weekly, for hours worked at home.  Every day, including her days off, manager David Reid called Plaintiff and required her information and some help to solve many work-related issues. These 3.5 off-the-clock hours constitute 3.5 unpaid overtime hours that were not paid at any rate, not even at the minimum wage rate every week.

33. Plaintiff signed in and out a timesheet, and Defendant was able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation

of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

35. Plaintiff was paid bi-weekly with paystubs that did not reflect the actual number of hours worked.

36. The records concerning the number of hours worked by Plaintiff, and all other employees and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Plaintiff is not in possession of time and payment records. Still, she will provide a good faith estimate of unpaid overtime wages based on her best knowledge. After discovery, Plaintiff will adjust her statement of claim accordingly.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Three Thousand Three Hundred Eighty-Six Dollars and 25/100 ($3,386.25)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment:  43 weeks
   Total relevant number of weeks: 43 weeks
   Total number of hours worked: more than 40 weekly
   Total number of unpaid O/T hours:  3.5 off-the-clock O/T hours
   Wage rate: $15.00 an hour x 1.5=$22.50 O/T rate

   O/T rate $22.50 x 3.5 O/T hours=$78.75 weekly x 43 weeks=$3,386.25

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

   This amount represents unpaid overtime wages.

38. At all times, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay her at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendant knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

40. Defendant THESIS HOTEL willfully and intentionally refused to pay Plaintiff KAREN G. VIDEA overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

41. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

42. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff KAREN G. VIDEA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff KAREN G. VIDEA and other similarly situated and against

Defendant THESIS HOTEL, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff KAREN G. VIDEA and those similarly situated demand trial by a jury of all issues triable as right by jury.

Dated:  August 18, 2021,

                          Respectfully submitted,

                          By: **/s/ Zandro E. Palma**
                          ZANDRO E. PALMA, P.A.
                          Florida Bar No.: 0024031
                          9100 S. Dadeland Blvd.
                          Suite 1500
                          Miami, FL 33156
                          Telephone: (305) 446-1500
                          Facsimile:  (305) 446-1502
                          zep@thepalmalawgroup.com
                          *Attorney for Plaintiff*